IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| The Nowlan Family Trust, ) | |
| ) | |
| *Plaintiff,* ) | Case No. 2:16-MC-00214 |
| ) | |
| v. ) | |
| ) | |
| Herman & Geer Communications, Inc. ) | |
| d/b/a Hermes Press ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

I, John J. O'Malley, declare:

1. I am a shareholder in the law firm of Volpe and Koenig, P.C., and counsel of record for Plaintiff the Nowlan Family Trust in the following action in the Eastern District of Pennsylvania, *Nowlan Family Trust v. Herman & Geer Communications, Inc. d/b/a Hermes Press* ("Hermes Press"), Case No. 2:16-MC-00214. I make this Declaration on personal knowledge, and if called as a witness, I could and would testify competently thereto.

2. This matter is related to the *Nowlan Family Trust v. the Dille Family Trust*, Case No. 15-6231 in the Eastern District of Pennsylvania ("Buck Rogers Action").

3. Louise Geer, Esquire is the trustee of the Dille Family Trust.

4. Upon information and belief, Louise Geer is an attorney and a partner or shareholder of the law firm of Geer and Herman, P.C.

5. Upon information and belief, Louise Geer is an officer of Hermes Press.

6. Upon information and belief, Louise Geer and Daniel Herman are married.

7. Upon information and belief, Daniel Herman is an attorney and a partner or shareholder of the law firm of Geer and Herman, P.C.

8. Upon information and belief, Daniel Herman is the publisher and president of Hermes Press.

9. On July 18, 2016, I served a subpoena for Hermes Press on Daniel Herman his co-counsel Andrew Olek via email under the apparent misunderstanding that counsel for the Dille Family Trust would accept service for Hermes Press.

10. On or about July 25, 2016, Andrew Olek informed me that he was representing Hermes Press and Daniel Herman was not representing Hermes Press regarding the subpoena.

11. On July 28, 2016, Andrew Olek objected to the subpoena on the grounds that it was served by electronic mail and advised that he would not accept service on behalf of Hermes Press.

12. On July 28, 2016, I withdrew the July 18, 2016 subpoena.

13. I personally served a second subpoena for Hermes Press via hand delivery on Daniel Herman on August 2, 2016 in the courtroom of the Honorable Wendy Beetlestone prior to a hearing in the matter of the Dille Family Trust v. the Nowlan Family Trust (C.A. No. 15-6231).

14. Attached hereto as Exhibit A is a true and correct copy of the subpoena I served on Herman & Geer Communications, Inc. d/b/a Hermes Press for testimony and production of documents on August 2, 2016.

15. It was my understanding that Andrew Olek was to attend the hearing with the Court on August 2, 2016, and a certificate of service was accordingly prepared on that basis. Nevertheless, it was my intention to serve Daniel Herman with the subpoena as it was and continues to be my understanding that Daniel Herman is the publisher and president of Hermes Press.

16. The reference to "c/o" of Andrew Olek was a typographical error on the face of the subpoena.

17. Attached as Exhibit B is a Proof of Service for the August 2, 2016 subpoena for Hermes Press that has been concurrently filed with the court on this date.

18. On August 11, 2016, Andrew Olek, Esquire sent a letter presenting objections to the subpoena. Attached hereto as Exhibit C is a true and correct copy of that August 11, 2016 correspondence.

19. On August 15, 2016, Max Morgan, counsel for the Nowlan Family Trust, provided detailed responses to Mr. Olek's August 11, 2016 letter. Attached hereto as Exhibit D is a true and correct copy of that correspondence.

20. Upon information provided to me by Mr. Morgan, it was my understanding that he spoke with Mr. Olek shortly after August 15, 2016, and Mr. Olek indicated that we would respond to Mr. Morgan's August 15, 2016 letter.

4472970-2

21. On September 8, 2016, I wrote to Mr. Olek requesting a response to Mr. Morgan's letter, and stating that "based on the recent development with the subpoena of Licensing Works, LLC we are assuming that Hermes Press' attorney-client privilege objections are the same or similar to those the Dille Family Trust is now asserting with respect to the subpoena of Licensing Works. If any of these understandings is incorrect, please advise as soon as possible." Attached as Exhibit E is a true and correct copy of that correspondence.

22. On September 8, 2016 Mr. Olek responded to my letter and stated that "[a]fter discussing this matter with our the (sic) Hermes Press representative, and in light of the recent developments involving the Licensing Works, LLC subpoena; it is our position that we stand by those objections originally made in the undersigned's letter of August 11, 2016." Attached as Exhibit F is a true and correct copy of that correspondence.

23. On October 14, 2016, I wrote to Andrew Olek expressing my understanding that Hermes Press did withdraw any of its objections to the subpoena, and that we had not received a privilege log for documents Hermes Press claims are attorney client privileged. I also informed him that we intended to move to compel compliance with the subpoena and intended to seek attorney's fees if we were forced to do so. Attached as Exhibit G is a true and correct copy of that correspondence.

24. On October 18, 2016, I had a telephone conference with Mr. Olek to discuss the Hermes Press subpoena. He indicated that his client would not

reconsider its position. We also discussed the fact that some of Hermes Press objections from its August 11, 2016 letter were not clear and Mr. Olek indicated that he would be serving supplemental objections for the record.

25. On October 19, 2016, Mr. Olek served formal Responses and Objections to Production Request attached to the Deposition Subpoena. Attached as Exhibit H is a true and correct copy of the Responses and Objections to Production Request attached to the Deposition Subpoena.

26. The Dille Family Trust has asserted that Hermes Press publishes *Buck Rogers in the 25th Century: Volume 1* and other works based on the Buck Rogers comic strips (collectively "Buck Rogers Works").

27. The Dille Family Trust has asserted that Hermes Press publishes the Buck Rogers Works by virtue of a license from the Dille Family Trust.

28. The Dille Family Trust is relying, inter alia, on the Buck Rogers Works to support its claim to trademark priority in the Buck Rogers Action.

I declare under penalty of perjury under the laws of the United States that the foregoing information provided by me is true and correct.

Executed on December 7, 2016 at Philadelphia, PA.

By: _____
John J. O'Malley

4472970-2